14 CV 00024

RUBIN, FIORELLA & FRIEDMAN LLP
James E. Mercante
Richard González
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381
*Attorneys for Defendants,*
*JoJo John and Anthony Amendola*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK _____

JOHN SCHUMACHER and TRACEY
SCHUMACHER,

                     Plaintiff,

     -against-

TAPPAN ZEE CONSTRUCTORS, LLC, FLUOR
ENTERPRISES, INC., TRAYLOR BROTHERS
INC., AMERICAN BRIDGE COMPANY,
GRANITE CONSTRUCTION NORTHEAST INC.,
MCDONOUGH MARINE SERVICE, JO JO JOHN,
AND ANTHONY AMENDOLA,

                     Defendants.

Civil Action No.:

**NOTICE OF REMOVAL**

TO:     The Judges of the United States District Court
           for the Southern District of New York

        **PLEASE TAKE NOTICE** that Defendants JO JO JOHN and ANTHONY AMENDOLA,

hereby remove the above-entitled action from the Supreme Court of the State of New York, County

of Rockland to the United States District Court for the Southern District of New York, pursuant to

28 U.S.C. §§ 1333, § 1441 and § 1446.

        In support of this Notice of Removal, Defendants state, upon information and belief, as

follows:

1.  Plaintiffs, JOHN SCHUMACHER and TRACEY SCHUMACHER, filled a Verified Complaint in the Supreme Court for the State of New York, County of Rockland, bearing Index Number 036022/2013.  Plaintiffs allege in their complaint that on July 26, 2013, a motorboat owned by JOJO JOHN, struck a moored barge while on the navigable waters of the United States, more specifically in vicinity of Tappan Zee Bridge, Hudson River, State of New York, causing personal injuries to plaintiffs.   A copy of the Summons and Verified Complaint is annexed hereto as **Exhibit "A."**

2.  Defendant, JOJO JOHN, received a copy of the Verified Complaint on or about December 3, 2013.

3.  Defendant, ANTHONY AMENDOLA, received a copy of the Verified Complaint on December 3, 2013, via personal service.

4.  Defendants, JOJO JOHN and ANTHONY AMENDOLA, seek removal of this action pursuant to 28 U.S.C. § 1441, Removal of civil actions.

5.  The District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333, Admiralty, maritime and prize cases, because the Verified Complaint alleges that the marine collision between two vessel occurred on the navigable waters of the United States, more specifically upon the Hudson River, New York, south the Tappan Zee Bridge, thereby satisfying the requirement for federal Admiralty Jurisdiction.

6.  Venue is proper in the United States District Court for the Southern District of New York, because suit was filed in Rockland County and the cause of action arose within this District.  In addition, the vessel owned by JO JO JOHN and

ANTHONY AMENDOLA is presently within this District.

7.    Defendants request for removal is made within 30 days of receipt of the Verified

Complaint, which was received on or about December 3, 2013.

8.    After filing the Notice of Removal in the United States District Court for the

Southern District of New York, written notice will be given by attorneys for

defendants to plaintiff's attorney at their law firm address as provided by law, and

copies of the Notice of Removal will be filed with the Clerk of the Supreme Court

of New York, County of Rockland.

9.    All defendants consent to the removal of this action.


**WHEREFORE**, Defendants JOJO JOHN and ANTHONY AMENDOLA, hereby

remove this action from the Supreme Court of the State of New York, County of Rockland, in

accordance with 28 U.S.C. § 1446, to the United States District Court for the Southern District of

New York.


Dated:  New York, New York
        January 2, 2014

                            Respectfully submitted,

                            RUBIN, FIORELLA & FRIEDMAN LLP
                            *Attorneys for Defendants,*
                            *JOJO JOHN and ANTHONY AMENDOLA*


                            By:_____
                                James E. Mercante
                                Richard González
                                630 Third Avenue, 3rd Floor

New York, New York 10017
Tel:  212-953-2381
Fax: 212-953-2462
E-Mail: Jmercante@rubinfiorella.com
E-Mail: Rgonzalez@rubinfiorella.com
Our File: 116-27013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------------X

JOHN SCHUMACHER and TRACEY SCHUMACHER

Plaintiffs,

-against-

TAPPAN ZEE CONSTRUCTORS, LLC, FLUOR
ENTERPRISES, INC., TRAYLOR BROTHERS INC.,
AMERICAN BRIDGE COMPANY, GRANITE
CONSTRUCTION NORTHEAST INC., MCDONOUGH
MARINE SERVICE, JO JO JOHN, AND
ANTHONY AMENDOLA,

Defendants
--------------------------------------------------------------------X

**SUMMONS**

Index No.
Plaintiff designates
Rockland County
as the place of venue
Basis of Venue
Plaintiff resides in
Valley Cottage, NY

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff(s)' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:      Rye Brook, New York
            November 25, 2013

ALBERT W. CORNACHIO III
ALBERT W. CORNACHIO, P.C.
800 Westchester Avenue- Suite S608
Rye Brook, New York 10573
Telephone: 914/253.6533

Defendant's Address:
**TAPPAN ZEE CONSTRUCTORS LLC**
c/o NYS Dept of State
One Commerce Plaza,
99 Washington Ave Suite 650
Albany, NY 12231

**FLUOR ENTERPRISES, INC**
c/o NYS Dept of State
One Commerce Plaza,
99 Washington Ave Suite 650
Albany, NY 12231

**TRAYLOR BROTHERS INC.**
 c/o NYS Dept of State
One Commerce Plaza,
99 Washington Ave Suite 650
Albany, NY 12231

**AMERICAN BRIDGE COMPANY**
c/o NYS Dept of State
One Commerce Plaza,
99 Washington Ave Suite 650
Albany, NY 12231

**GRANITE CONSTRUCTION NORTHEAST INC.,**
c/o NYS Dept of State
One Commerce Plaza,
99 Washington Ave Suite 650
Albany, NY 12231

**MCDONOUGH MARINE SERVICE,**
c/o NYS Dept of State
One Commerce Plaza,
99 Washington Ave Suite 650
Albany, NY 12231

**JO JO JOHN**
37G Gail Drive,
Nyack, New York

**ANTHONY AMENDOLA**
15 Esquire Rd
New City, NY 10956-3326

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------X
**JOHN SCHUMACHER and TRACEY SCHUMACHER**
                        Plaintiffs

               -against-

**TAPPAN ZEE CONSTRUCTORS, LLC, FLUOR
ENTERPRISES, INC., TRAYLOR BROTHERS INC.,
AMERICAN BRIDGE COMPANY, GRANITE
CONSTRUCTION NORTHEAST INC., MCDONOUGH
MARINE SERVICE, JO JO JOHN, AND
ANTHONY AMENDOLA,**
                        Defendants
------------------------------------------------------------------X

**VERIFIED
COMPLAINT**
Index No:

Plaintiffs, by their attorney, ALBERT W. CORNACHIO P.C., complaining
of the defendants, alleges, upon information and belief, as follows:

### FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned **TAPPAN ZEE
CONSTRUCTORS, LLC** was a foreign corporation organized and existing pursuant to the
laws of the state of Delaware and was duly authorized to conduct business in the state of
New York.

2. That at all times hereinafter mentioned **FLUOR ENTERPRISES, INC.** was a
foreign corporation organized and existing pursuant to the laws of the state of California and
was duly authorized to conduct business in the state of New York.

3. That at all times hereinafter mentioned **TRAYLOR BROTHERS, INC.** was a
foreign corporation organized duly authorized to conduct business in the state of New York.

4. That at all times hereinafter mentioned **AMERICAN BRIDGE COMPANY** was
a foreign corporation organized and existing pursuant to the laws of the state of Delaware
and was duly authorized to conduct business in the state of New York.

5. That at all times hereinafter mentioned **GRANITE CONSTRUCTION NORTHEAST, INC.** was a domestic corporation organized and existing pursuant to the laws of the state of New York.

6. Upon information and belief that at all times hereinafter mentioned **MCDONOUGH MARINE SERVICE** was a foreign corporation organized and existing pursuant to the laws of the state of Louisiana and was duly authorized to conduct business in the state of New York.

7. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** owned a certain barge bearing number N-117.

8. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** operated a certain barge bearing number N-117.

9. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** maintained a certain barge bearing number N-117.

10. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** controlled a certain barge bearing number N-117.

11. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-117.

12. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.** owned a certain barge bearing number N-117.

13. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.** operated a certain barge bearing number N-117.

14. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.** maintained a certain barge bearing number N-117.

15. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.** controlled a certain barge bearing number N-117.

16. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-117.

17. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.,** owned a certain barge bearing number N-117.

18. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.,** operated a certain barge bearing number N-117.

19. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.,** maintained a certain barge bearing number N-117.

20. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.,** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-117.

21. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY.** owned a certain barge bearing number N-117.

22. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY.** operated a certain barge bearing number N-117.

23. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** maintained a certain barge bearing number N-117.

24. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** controlled a certain barge bearing number N-117.

25. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** utilized for construction purposes related to the Tappan Zee Bridge,  a certain barge bearing number N-117.

26. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.**, owned a certain barge bearing number N-117.

27. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.**, operated a certain barge bearing number N-117.

28. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.**, maintained a certain barge bearing number N-117.

29. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.**, controlled a certain barge bearing number N-117.

30. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.**, utilized for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-117.

31. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE**, owned a certain barge bearing number N-117.

32. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE**, operated a certain barge bearing number N-117.

33. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE**, maintained a certain barge bearing number N-117.

.

34. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE,** controlled a certain barge bearing number N-117.

35. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE,** utilized for construction purposes related to the Tappan Zee Bridge a certain barge bearing number N-117.

36. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC,** owned a certain barge bearing number KS-4003.

37. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC,** operated a certain barge bearing number KS-4003.

38. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC,** maintained a certain barge bearing number KS-4003.

39. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC,** controlled a certain barge bearing number KS-4003.

40. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC,** utilized for construction purposes related to the Tappan Zee Bridge a certain barge bearing number KS-4003.

41. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.** owned a certain barge bearing number KS-4003.

42. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.,** operated a certain barge bearing number KS-4003.

43. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.,** maintained a certain barge bearing number KS-4003.

44. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.,** controlled a certain barge bearing number KS-4003.

45. On July 26, 2013, defendant, **FLUOR ENTERPRISES, INC.,** utilized for construction purposes related to the Tappan Zee Bridge controlled a certain barge bearing number KS-4003.

46. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.** owned a certain barge bearing number KS-4003.

47. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.** operated a certain barge bearing number KS-4003.

48. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.** maintained a certain barge bearing number KS-4003.

49. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.** controlled a certain barge bearing number KS-4003.

50. On July 26, 2013, defendant, **TRAYLOR BROTHERS, INC.** utilized, for construction purposes related to the Tappan Zee Bridge maintained a certain barge bearing number KS-4003.

51. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** owned a certain barge bearing number KS-4003.

52. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** operated a certain barge bearing number KS-4003.

53. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** maintained a certain barge bearing number KS-4003.

54. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** controlled a certain barge bearing number KS-4003.

55. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** utilized for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number KS-4003.

56. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** owned a certain barge bearing number KS-4003.

57. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** operated a certain barge bearing number KS-4003.

58. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** maintained a certain barge bearing number KS-4003.

59. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** controlled a certain barge bearing number KS-4003.

60. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** utilized for construction purposes related to the Tappan Zee Bridge a certain barge bearing number KS-4003.

61. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** owned a certain barge bearing number KS-4003.

62. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** operated a certain barge bearing number KS-4003.

63. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** maintained a certain barge bearing number KS-4003.

64. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** controlled a certain barge bearing number KS-4003.

65. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number KS-4003.

66. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** owned a certain barge bearing number N-115.

67. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** operated a certain barge bearing number N-115.

68. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** maintained a certain barge bearing number N-115.

69. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** controlled a certain barge bearing number N-115.

70. On July 26, 2013, defendant, **TAPPAN ZEE CONSTRUCTORS LLC** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-115.

71. On July 26, 2013, defendant, **FLOUR ENTERPRISES, INC** owned a certain barge bearing number N-115.

72. On July 26, 2013, defendant, **FLOUR ENTERPRISES, INC** operated a certain barge bearing number N-115.

73. On July 26, 2013, defendant, **FLOUR ENTERPRISES, INC** maintained a certain barge bearing number N-115.

74. On July 26, 2013, defendant, **FLOUR ENTERPRISES, INC** controlled a certain barge bearing number N-115.

75. On July 26, 2013, defendant, **FLOUR ENTERPRISES, INC** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-115.

76. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** owned a certain barge bearing number N-115.

77. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** operated a certain barge bearing number N-115.

78. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** maintained a certain barge bearing number N-115.

79. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** controlled a certain barge bearing number N-115.

80. On July 26, 2013, defendant, **AMERICAN BRIDGE COMPANY** utilized, for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-115.

81. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** owned a certain barge bearing number N-115.

82. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** operated a certain barge bearing number N-115.

83. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** maintained a certain barge bearing number N-115.

84. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** controlled a certain barge bearing number N-115.

85. On July 26, 2013, defendant, **GRANITE CONSTRUCTION NORTHEAST, INC.** utilized for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-115.

86. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** owned a certain barge bearing number N-115.

87. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** operated a certain barge bearing number N-115.

88. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** maintained a certain barge bearing number N-115.

89. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** controlled a certain barge bearing number N-115.

90. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** utilized for construction purposes related to the Tappan Zee Bridge, a certain barge bearing number N-115.

91. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** charted barge number N-117 to defendant Tappan Zee Constructors, LLC.

92. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** charted barge number KS4003 to defendant Tappan Zee Constructors, LLC.

93. On July 26, 2013, defendant, **MCDONOUGH MARINE SERVICE** charted barge number N-115 to defendant Tappan Zee Constructors, LLC.

94. That at all times hereinafter mentioned Defendant **JO JO JOHN** was the owner of a certain vessel bearing hull number NY7172HW.

95. That at all times hereinafter mentioned Defendant **ANTHONY AMENDOLA** was the owner of a certain vessel bearing hull number NY7172HW.

96. On July 26, 2013, defendant, **JO JO JOHN** operated the aforementioned vessel bearing hull number NY7172HW in the waters of the Hudson River, New York South defendant Tappan Zee Constructors, LLC.

97. On July 26, 2013, **JOHN SCHUMACHER,** amongst others, was a guest and/or passenger aboard the vessel operated by **JO JO JOHN.**

98. On July 26, 2013, barges N-117, KS-4003, and N-115 were moored in the waters of the Hudson River in an area south of the Tappan Zee Bridge.

99. On July 26, 2013, upon information and belief barges numbered N-117, KS-4003 and N-115 were not illuminated and/or were inadequately illuminated and/or, upon information and belief, were not visible to other vessels operating in the waters of the Hudson River after sunset.

100. The lighting on barges N-117, KS4003 and N-115 did not comply with the requirements of 33 CFR §88.13.

101. Upon information and belief the lighting on barges N-117, KS-4003 and N-115 was blocked and/or obstructed by construction equipment and/or other material placed thereon.

102. Prior to the occurrence herein the aforementioned barge owners had received notice from a boater concerned that other boaters operating their vessels in the evening could not see the construction barges.

103. On July 26, 2013, the vessel operated by **JO JO JOHN** struck one or more of the barges numbered N-117 and/or KS4003 and/or N-115.

104. The aforementioned occurred in whole or in part as a result of the negligence, carelessness and recklessness of defendants **TAPPAN ZEE CONSTRUCTORS, LLC, FLOUR ENTERPRISES, INC., TRAYLOR BROTHERS, INC., AMERICAN BRIDGE COMPANY, GRANITE CONSTRUCTION NORTHEAST, INC. and MCDONOUGH MARINE SERVICE** in the ownership, operation, maintenance inspection and management of barges numbered N-117 and/or KS-4003 and/or N-115.

105. The aforementioned occurred in whole or in part as a result of the negligence, carelessness and recklessness of defendant **JO JO JOHN and ANTHONY AMENDOLA** in the ownership, operation, maintenance inspection and management of the vessel bearing hull number NY171HW.

106. The limitations on liability set forth in CPLR §1601 do not apply.

107. The limitations on liability set forth in CPLR §1601 do not apply by reason of one of more exceptions set forth in CPLR §1602.

108. As a result of the foregoing plaintiff **JOHN SHUMACHER** was seriously injured in that he sustained injuries to several parts of his body and limbs, causing him to become and remain sick, sore, lame and disables for a long period of time, and did suffer personal injuries to his mind and body, requiring him to obtain medical attention for these said injuries, confining him to bed and home; compelling him to obtain medical attention for the said injuries in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; incapacitating him from attending to his usual and customary daily activities, thereby depriving him of the benefits derived therefrom; and he was further caused to be prevented from enjoying the normal fruits of his activities including, but not limited to, social, educational and economic, all resulting in substantial monetary expense and loss and, upon information and belief, the plaintiff's injuries, and/or some of them, either in their nature or their effects, are permanent and lasting, and the plaintiff may continued indefinitely into the future to suffer similar loss, expense and disability.

109. That solely as a result of the defendants negligence, the Plaintiff is damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

110. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "109" inclusive of this Complaint with the same force and effect as if fully set forth and at length herein.

111. That by solely by reason of the aforesaid, plaintiff, **TRACEY SCHUMACHER**, has been caused to suffer the loss of society, services and companionship of her husband, **JOHN SCHUMACHER**.

112. That solely by reason of the aforesaid, this Plaintiff has sustained damages and loss of services, society and companionship.

113. That solely as a result of the defendants negligence, the Plaintiff is damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment against the defendants for the first cause of action and second cause of action, together with interest, and the costs and disbursements of this action.

DATED:    Rye Brook, New York
            November 25, 2013

                            **ALBERT W. CORNACHIO, P.C.**
                            By:
                            **ALBERT W. CORNACHIO III**
                            Attorneys for Plaintiff **JOHN and TRACEY SCHUMACHER**
                            800 Westchester Avenue – Suite S-608
                            Rye Brook, New York 10573
                            914/253.6533

## <u>VERIFICATION</u>

STATE OF NEW YORK            )
                             )SS:
COUNTY OF WESTCHESTER        )

ALBERT W. CORNACHIO III, an attorney duly licensed to practice law in the State of New York, affirms the following under penalties of perjury:

I am the attorney for the plaintiffs **JOHN SCHUMACHER and TRACEY SCHUMACHER** in the within action. I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The verification is made by me and not by the plaintiff because the plaintiff resides in a county other than that of affirmant's office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: correspondences and conversations with the plaintiffs, in addition to records and documents contained in affirmant's file.

DATED:        Rye Brook, New York
              November 25, 2013

_____
**ALBERT W. CORNACHIO III**

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                         ) ss.:

COUNTY OF NEW YORK  )

      **BELINDA LOPEZ,** being duly sworn, deposes and says:

      I am not a party to this action, am over 18 years of age, am employed by RUBIN, FIORELLA & FRIEDMAN LLP and reside in Monmouth County, New Jersey.

      On January 2, 2014, I served this **NOTICE: FILING OF NOTICE OF REMOVAL,** upon:

Clerk,
Supreme Court of the State of New York
County of Rockland
1 South Main Street
New City, New York 10956

Albert W. Cornachio III, Esq.
ALBERT W. CORNACHIO, P.C.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573

in this action at the address designated by said attorney(s) for that purpose by depositing the same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

**BELINDA LOPEZ**

Sworn and Subscribed to before
me this 2nd day of January, 2014.

**Notary Public**

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 20 __